UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  By  The United States Attorney<br>      For the District of Columbia<br>      555 4th Street, N.W.<br>      Washington, D.C. 20530<br><br>      Plaintiff,<br><br>      v.<br><br>MICHAEL D.J. EISENBERG,<br>      One Metro Center<br>      700 12th Street, NW<br>      Suite 700<br>      Washington, DC 20005<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 13cv1629<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Comes now the Plaintiff United States of America, by and through undersigned counsel, and respectfully states as follows:

1.    The Government brings this Complaint seeking recovery of $ 96,295.15 from Michael D.J. Eisenberg under the Federal Employees' Compensation Act, 5 U.S.C. § 8132.

## JURISDICTION

2.    This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 8132, and 28 U.S.C. §§ 1331 and 1345.

## PARTIES

3.    Plaintiff is the United States of America.

4.    Defendant is Michael D.J. Eisenberg, Esq., who upon information and belief is an attorney licensed to practice law in the District of Columbia, with an office located at One Metro

Center, 700 12th Street, NW, Suite 700, Washington, DC 20005, within the jurisdiction of this Court.

## FACTUAL AND LEGAL ALLEGATIONS

5.      Gregory Thompson was an employee of the U.S. Department of the Navy when he was injured in a slip-and-fall accident.

6.      Mr. Thompson filed a claim with the Office of Workers' Compensation Programs (OWCP) for compensation under the Federal Employees' Compensation Act (FECA).  He sought medical benefits and lost wages related to the injuries caused by the accident.

7.      OWCP accepted Mr. Thompson's FECA claim and began disbursing compensation to Mr. Thompson.

8.      OWCP continued disbursements to Mr. Thompson until June 7, 2009.  By this date, OWCP had disbursed $ 128,393.53 to Mr. Thompson.

9.      Mr. Thompson brought suit against a third party, Wackenhut Services, Inc., alleging that Wackenhut's negligence caused the same slip-and-fall accident for which he received FECA benefits.  He retained Mr. Eisenberg as counsel to represent him in that action.

10.     Mr. Thompson and Wackenhut settled the negligence action for $ 675,000.00.

11.     Under Section 8132, if an injury or death for which compensation is payable creates a legal liability in a person other than the United States to pay damages, and the beneficiary entitled to compensation for that injury receives money or other property  in satisfaction of that liability then he must reimburse the United States in the amount determined by a formula provided in Section 8132, and 20 C.F.R. §§ 10.711 and 10.712. The amount of the reimbursement includes the amount to be refunded for the compensation that has been paid as

well as a credit against any future benefits should a surplus exist from the recovery.  The reimbursement is mandated by statute and cannot be waived or compromised.

12.     Section 8132 also requires that the beneficiary's counsel ensure that the United States is reimbursed, in satisfaction of its interest, before distributing any proceeds from the settlement to the beneficiary.

13.     Based on the formula set forth in Section 8132 and the $ 128,393.53 amount disbursed by OWCP to Mr. Thompson, Mr. Thompson was obligated to refund, and Mr. Eisenberg was jointly and severally obligated to repay, to the United States in the amount of $ 96,295.15 prior to the disbursement of any settlement funds to Mr. Thompson and prior to the payment of any attorney's fees.

14.     Upon receiving the $ 675,000.00 from the settlement, Mr. Eisenberg distributed the proceeds to Mr. Thompson and, upon information and belief, paid himself an attorney's fee. After Mr. Eisenberg took these actions, only $ 52,900.45 was left undistributed.  Mr. Eisenberg claims to have deposited this amount in a trust account

15.     Section 8132 prohibits distribution of the funds without first satisfying or assuring satisfaction of the interest of the United States. Mr. Eisenberg did not reimburse the United States in satisfaction of its interest, either before or after the distribution of proceeds to Mr. Thompson.

16.     Because Mr. Eisenberg distributed funds to himself and Mr. Thompson without reimbursing the United States, Mr. Eisenberg's actions violate Section 8132.

17.     A violation of Section 8132 establishes an attorney's joint and several liability for reimbursement owed to the United States.

18.     By reason of the foregoing, Defendant Michael D.J. Eisenberg is liable to the United States of America for the amount of $ 96,295.15.  The United States has demanded payment of this amount, but Mr. Eisenberg has refused to pay it.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendant Michael D.J. Eisenberg, as follows:

19.     That this Court enter judgment against the Defendant in the amount of $96,295.15; and

20.     That Plaintiff receive such other relief as this Court deems just and proper.


Respectfully submitted,


STEWART F. DELERY
Principal Deputy Assistant Attorney General

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney

DANIEL F. VANHORN, D.C. Bar # 924092
Chief, Civil Division

_____
DARRELL C. VALDEZ, D.C. Bar # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843